UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED ANTHONY WINTERER,

    Plaintiff,

v.

UNITED STATES OF WASHINGTON, et al.,

    Defendant.

CASE NO. 3:19-cv-5301 RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT AND ORDER ON PLAINTIFF'S MISCELLANEOUS MOTIONS

This matter has been referred to this Court pursuant to General Order 02-19. Before the Court is plaintiff's Motion to Appoint Counsel (Dkt. 13), plaintiff's Motion for Federal Court to Intervene in State Matters (Dkt. 14), and plaintiff's Motion to Add Defendant (Dkt. 17). Plaintiff initially filed this § 1983 Prisoner Civil Rights complaint and Motion to Proceed *In Forma Pauperis* (IFP) on April 16, 2019. Dkt 1. After several deficiencies, plaintiff's IFP was granted in part on May 28, 2019. Dkt. 11. The Court has not yet directed service upon defendants.

Plaintiff's is granted leave to amend his complaint, but not to add the United States as a defendant. Plaintiff has stated his intent to name the United States as a defendant and the Court notes that the United States is not a proper defendant in this §1983 action. Nonetheless, plaintiff

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
AND ORDER ON PLAINTIFF'S MISCELLANEOUS
MOTIONS - 1

may add other defendants, if necessary and appropriate, if he chooses to amend his complaint. Plaintiff's motion to appoint counsel is denied because plaintiff is granted leave to amend his complaint and the Court cannot determine at this stage whether or not plaintiff's claim is likely to succeed on the merits. Plaintiff's motion for this Court to intervene in state matters is denied due to *Younger* abstention.

BACKGROUND

Plaintiff is currently housed at Monroe Correctional Complex. *See* Dkt. 12, p. 2. Plaintiff begins his complaint with a lengthy factual discussion of a brain injury he suffered at age sixteen and the treatment he received. *See* Dkt. 12, p.3-4 ("This is a 15 year long one paragraph complaint regarding deliberate indifference shown by the state of Washington to information essential to providing constitutional services."). Plaintiff appears to allege that due to inadequate medical treatment "[t]he State of Washington is liable for everyday after [the date of the car accident] that I have lived in violation of the right to pursue happiness." Dkt. 12, p. 6. He also appears to allege that he has not received adequate treatment for his condition while incarcerated. *See* Dkt. 12, p. 9-11 (citing numerous instances of plaintiff allegedly being denied medical treatment).

Plaintiff's request for relief includes monetary damages, expungement of his criminal record, release from confinement, and medical treatment. *See* Dkt. 12, p. 11.

DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must

have deprived plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).

**I.    Complaint.**

Under the PLRA, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint[:] (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint is difficult to follow and contains over ten pages of background information related to plaintiff's injury. *See* Dkts. 12, p. 3-13, 12-1. The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nonetheless, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

While the background information plaintiff submitted may be evidence in support of plaintiff's complaint, "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL

1335220, at *1 (E.D. Cal. May 4, 2005). Plaintiff also alleges Fifth and Eighth Amendment violations, but it is unclear what the injuries from these violations are, and who committed the alleged harm. *See* Dkt. 12, p. 12.

Plaintiff appears to direct his complaint against the State of Washington. *See* Dkt. 12, p. 6. Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). However, State employees may be defendants in a § 1983 suit under certain circumstances. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) (State officials sued in their official capacity for injunctive—that is, non-monetary—relief are persons for purposes of § 1983). In a similar fashion, state official sued in their personal capacity are "persons" for purposes of § 1983. *See Hafer v. Melo,* 502 U.S. 21, 27 (1991).

Here, it is not clear from plaintiff's complaint who the claimed defendant(s) might be or the nature of alleged claim(s). Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Moreover, a § 1983 suit cannot be based on vicarious liability—that is, holding a supervisor responsible for the actions of his or her subordinate—but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San*

*Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). At a minimum, a plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.).

Therefore, if plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint, and within the amended complaint he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

This court will allow plaintiff to file an amended complaint so that he is given an opportunity to clarify his complaint and add named defendants, as appropriate.

**II.    Motion to Add Defendant.**

Plaintiff filed a motion stating that he wishes to add the United States as a defendant. *See* Dkt. 17. It is well-settled that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed. 2d 549 (1988)).

However, the Supreme Court has determined that federal officials can be sued for monetary damages for certain constitutional violations, including Eighth Amendment violations. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *see also Rodriguez v. Swartz,* 899 F.3d 719 (9th Cir, 2018); *Carlson v. Green,* 42 U.S. 2880 (1979). The Ninth Circuit has held that "'actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.'" *Martin v. Sias,* 88 F.3d 774, 775 (9th Cir. 1996) (quoting *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991)). To state a claim under *Bivens*, a plaintiff must allege facts against a named person showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum* 940 F.2d at 409.

Accordingly, Plaintiff's Motion to Add a Defendant (Dkt. 17) is denied. However, as noted above, this Court is granting plaintiff leave to amend his complaint. Therefore, plaintiff is free to add named defendants who may be federal actors in his amended complaint, as appropriate.

### III. Motion to Appoint Counsel

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

1     At this stage, the Court cannot determine the likelihood of success of plaintiff's claims on the merits, as plaintiff's complaint is unclear. Despite that this Court has granted plaintiff leave to amend his complaint, it appears that plaintiff is adequately able to articulate his claims. Plaintiff states in his complaint that he has previously filed three law suits in the Eastern District of Washington. Dkt. 12, p. 1-2. Additionally, plaintiff represented himself at one of his criminal trials. *See State v. Winterer,* 2019 WL 2305203. Accordingly, plaintiff's motion to appoint counsel is denied. However, the Court notes that the denial of plaintiff's motion for the appointment of counsel is without prejudice, meaning that a later stage and upon a proper showing of exceptional circumstances, plaintiff may renew his request.

### IV.     Motion to Intervene in State Court Matters

    Plaintiff appears to ask the Court to consolidate his state court proceeding with his civil matter before this Court. Plaintiff states that he wants the "US District Court to take 16-1-00174-1 and 16-1-00196-2 from Kittitas County Superior Court to make one trial during 3:19-cv-05301 RBL-JRC." Dkt. 14, p. 1.

    Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).

    Here, this Court should abstain from interfering with state judicial proceedings for all of the above reasons. First, plaintiff's state proceedings are ongoing. Plaintiff's criminal conviction was remanded for a new trial. *See State v. Winterer,* 2019 WL 2305203. Because these

proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Finally, as this Court has granted plaintiff leave to amend his complaint, it is unclear whether or not a federal question arises that may be resolved in the state proceedings.

Therefore, plaintiff's Motion for Federal Court to Intervene in State Matters (Dkt. 14) is denied.

## CONCLUSION

For the reasons stated herein, plaintiff's Motion to Appoint Counsel (Dkt. 13) is DENIED, plaintiff's Motion for Federal Court to Intervene in State Matters (Dkt. 14) is DENIED, and plaintiff's Motion to Add the United States as a Defendant (Dkt. 17) is DENIED. Further, plaintiff is granted leave to amend his complaint.

The Clerk of the Court is directed to note August 23, 2019 as the due date for plaintiff's amended complaint.

Dated this 23rd day of July, 2019.

J. Richard Creatura
United States Magistrate Judge