# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JARED ANTHONY WINTERER,

    Plaintiff,

v.

UNITED STATES OF WASHINGTON, et al,

    Defendant.

CASE NO. 3:19-cv-5301 RBL-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on plaintiff's miscellaneous motions filed in response to this Court's Order to Show Cause or Amend Complaint (Dkt. 18). *See* Dkts. 19, 20, 21, 22, 24. Plaintiff also submitted two letters to this Court inquiring about the status of his multiple motions. *See* Dkts. 25, 26.

**I.    Motion to Change Address (Dkt. 24)**

Plaintiff properly filed a notice of change of address on August 15, 2019. Dkt. 23. As such, plaintiff's Motion to Change Address (Dkt. 24) is unnecessary. Plaintiff's notice also states that he has been transferred to a different facility only temporarily. Accordingly, when plaintiff is

transferred back to his facility, he should file a notice of change of address, but a motion is unnecessary.

Local Civil Rule 10(f) provides guidance on filing a notice of changed address, which must be "received by the Clerk's Office within ten days of the change." Local Rules W.D. Wash. LCR 10(f).

Accordingly, plaintiff's Motion to Change Address (Dkt. 24) is DENIED as moot.

**II.　　Motion to Add Defendant (Dkt. 20)**

Plaintiff has previously filed a motion requesting to add the United States as a defendant in this action. *See* Dkt. 17. This Court denied that motion stating:

> It is well-settled that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed. 2d 549 (1988)).
>
> However, the Supreme Court has determined that federal officials can be sued for monetary damages for certain constitutional violations, including Eighth Amendment violations. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *see also Rodriguez v. Swartz,* 899 F.3d 719 (9th Cir, 2018); *Carlson v. Green,* 42 U.S. 2880 (1979). The Ninth Circuit has held that "'actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.'" *Martin v. Sias,* 88 F.3d 774, 775 (9th Cir. 1996) (quoting *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991)). To state a claim under *Bivens*, a plaintiff must allege facts against a named person showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum* 940 F.2d at 409.

Dkt. 18 at 5-6.

Plaintiff now appears to renew his motion to add the United States as a defendant stating that "[o]ne specific person or state official is not liable for ruining my life. United States is one.

Add to the defendants in this suit." Dkt. 20. He also states that the "United States should waive its sovereign immunity and become an appropriate defendant." Dkt. 20. This Court does not have authority to waive sovereign immunity on behalf of the United States. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Accordingly, plaintiff's Motion to Add Defendant (Dkt. 20) is DENIED.

### III. Motions for Reconsideration, for Release and Settlement, and to Make Channel (Dkts. 19, 21, 22.)

Plaintiff submitted a Motion for Reconsideration (Dkt. 19) in response to this Court's Order to Show Cause or Amend Complaint (Dkt. 18). Therein, plaintiff states that he "[chooses] to show cause to help judge liberally construe." Dkt. 19 at 1. The Court interprets this as plaintiff stating that, when liberally construed, his initial complaint is sufficient to state a claim for which relief may be granted. Plaintiff also makes mention of the Eighth Amendment, the Fifth Amendment, due process, and the Emergency Medical Treatment Active Labor Act. Dkt. 19 at 1, 3. Plaintiff again seeks a waiver of sovereign immunity and to add the United States as a defendant. Dkt. 19 at 4.

Plaintiff submitted a Motion for Release and Settlement (Dkt. 21) asking again for the Court to "liberally construe my complaint." Dkt. 21. Plaintiff is requesting that the judge "[t]ell [his] government to drive me to Harborview ER in Seattle and drop me off free from custody." Dkt. 22. Plaintiff also appears to seek a settlement of fifty million dollars. Dkt. 21.

Plaintiff also submitted a Motion to Make Channel (Dkt. 22) stating that a "Civil rights complaint isn't a correct channel to freedom, normally, but for my unique case I ask for a unique acception [sic] to be made." Dkt. 22. Plaintiff also requests that "the judge . . . liberally construe

my complaint as is. Putting it in the new format is impossible." Dkt. 22. Plaintiff further states that "[e]ven making a [Habeas] Corpus [sic] petition is really difficult especially without being paid. Making my civil rights complaint count as a [Habeas] Corpus petition also is reasonable and not hard for the . . . judge to do." Dkt. 22.

While the Court may liberally construe a complaint, it cannot argue plaintiff's case for him. *See Bias v. Moynihan,* 508 F.3d 1212, 1219, (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").

Plaintiff's complaint, when liberally construed, appears to name improper defendants, such as the State of Washington and the United States. This Court has informed plaintiff that neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This Court also informed plaintiff, both in section one of this Order, and in its previous Order to Show Cause or Amend Complaint, that the United States is not a proper defendant.

Plaintiff also does not name individually named "persons," nor does he state specifically what alleged harm these persons committed. These are the basic requirements of a complaint. This Court provided plaintiff with the proper form (Dkt. 18-1) to assist in structuring plaintiff's complaint, and instructed plaintiff write a short and plain statement for *each claim* as follows:

(1) Tell the court the constitutional right plaintiff believes was violated;

(2) State the name of the person who violated the right;

(3) State exactly what the individual did or failed to do;

(4) State how that individual's action or inaction is connected to the violated right; and

(5) State what specific injury occurred because of the individual's alleged wrongful conduct.

*See* Dkt. 18 at 5.

Having not shown good cause, this Court again grants plaintiff leave to amend his complaint. In the amended complaint, plaintiff *must* use the form provided by this Court. Further, plaintiff *must* make a short and plain statement of his claims—background information may be provided at a later stage and is not necessary to provide with the complaint.

Accordingly, plaintiff's Motion for Reconsideration (Dkt. 19), Motion to Add Defendant (Dkt. 20), Motion for Release and Settlement (Dkt. 21), Motion to Make Channel (Dkt. 22), and Motion to Change Address (Dkt. 24) are DENIED.

Plaintiff should submit his amended complaint, using the proper form, November 1, 2019. Failure to comply with this Court's instructions for amending plaintiff's complaint may result in the dismissal of plaintiff's claim.

The Clerk of the Court is directed to mail this order to plaintiff at his last known address, and to include the proper form. The Clerk is further directed to note November 1, 2019 as the date by which plaintiff must submit his amended complaint.

Dated this 2nd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge