UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED ANTHONY WINTERER,

    Plaintiff,

v.

UNITED STATES OF WASHINGTON, et al.,

    Defendant.

CASE NO. 3:19-cv-5301 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 3, 2020

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff Jared Anthony Winterer, proceeding *pro se* and *in forma pauperis*, initially filed this § 1983 Prisoner Civil Rights complaint and Motion to Proceed *In Forma Pauperis* (IFP) on April 16, 2019. Dkt 1. After several deficiencies, plaintiff's IFP was granted in part on May 28, 2019. Dkt. 11.

After reviewing the relevant record, plaintiff's numerous filings, and plaintiff's failure to comply with two court orders to amend his complaint, this Court recommends that this matter be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiff has filed multiple motions, letters, and miscellaneous documents. On July 23, 2019, this Court issued an Order on several of plaintiff's miscellaneous motions, denied his motion to appoint counsel, dismissed plaintiff's complaint and granted leave to amend, and provided plaintiff with directions on how to properly file his complaint, as well as the proper form. *See* Dkts. 18; 18-1. Rather than amend his complaint as directed, plaintiff filed a miscellaneous document (Dkt. 26), a letter (Dkt. 25), and the following motions: Motion for Reconsideration (Dkt. 19); Motion to Add Defendant (Dkt. 20); Motion for Release and Settlement (Dkt. 21); Motion to Make Channel (Dkt. 22); and Motion to Change Address (Dkt. 24), which was denied as moot because plaintiff had properly filed a notice of his address change (*see* Dkt. 23).

This Court denied these motions and granted plaintiff another opportunity to amend his complaint stating:

> In the amended complaint, plaintiff *must* use the form provided by this Court. Further, plaintiff *must* make a short and plain statement of his claims—background information may be provided at a later stage and is not necessary to provide with the complaint. . . . Failure to comply with this Court's instructions for amending plaintiff's complaint may result in the dismissal of plaintiff's claim.

Dkt. 27, at 5. Plaintiff has again failed to comply with this Court's order to amend his complaint, and has chosen instead to file six additional motions (Dkts. 28, 29, 30, 33, 34, 36), six miscellaneous documents (Dkts. 31, 32, 35, 37, 38, 39), and six letters (Dkts. 40, 41, 42, 44, 45, 46). Plaintiff's requests are not contemplated by the rules of civil procedure. *See, e.g.,* Dkt. 29 ("Whenever I am release[d] from custody there will be warrants [f]or my arrest. . . . I want a

federal judge to grant me asylum so I can leave United States. For additional relief give me an aircraft carrier.").

Moreover, plaintiff's filings are not in compliance with this Court's order. *See, e.g.,* Dkt. 34 ("The statement of my claim is flawless as is."); Dkt. 21 ("I don't get paid and haven't been paid for doing your job judge."); Dkt. 26 ("[T]o understand my complaint just read it, no gleaning required."); Dkt. 22 ("I ask the judge to liberally construe my complaint as is. Putting it in the new format is impossible. Even making a [Habeas] Corpus petition is really difficult especially without being paid."). Thus, it appears that plaintiff has no intention of amending his complaint.

Throughout his many filings, plaintiff discusses his traumatic brain injury ("TBI") which is medically documented. *See* Dkt.14, at 4. Plaintiff previously requested appointment of counsel (*See* Dkts. 9, 13), which this Court denied because determining his likelihood of success on the merits was premature and because plaintiff had demonstrated that he was able to adequately articulate his claims. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Although plaintiff suffers from TBI, he has managed to file with this court no less than forty documents, motions, and letters in the matter before the Court. Moreover, plaintiff states in his complaint that he has previously filed three law suits in the Eastern District of Washington (*see* Dkt. 12, p. 1-2), and has represented himself at one of his criminal trials. *See State v. Winterer,* 2019 WL 2305203. Therefore, this Court finds that plaintiff's inability to comply with this Court's order is not a result of plaintiff's medical condition.

## CONCLUSION

Despite his prolific filings, plaintiff still fails to amend his complaint to allege a claim for which relief may be granted. Accordingly, this Court recommends that this matter be

1   DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with this Court's orders
2   to amend his complaint (Dkts. 18, 27).
3       If the Court adopts the undersigned's Report and Recommendation, leave to proceed *in*
4   *forma pauperis* for purposes of appeal may be denied if the appeal is frivolous or taken in bad
5   faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3).
6   Because plaintiff twice failed to comply with this Court's order to amend his complaint, the
7   undersigned recommends plaintiff be denied leave to proceed *in forma pauperis* for purpose of
8   appeal, because any appeal of the Court's order would be frivolous or taken in bad faith. *Hooker*,
9   302 F.3d at 1092.
10      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
11  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
12  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
14  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
16  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 3,**
17  **2020,** as noted in the caption.
18      Dated this 18th day of December, 2019.

_____
J. Richard Creatura
United States Magistrate Judge