UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED ANTHONY WINTERER,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendant. | CASE NO. 3:19-cv-5301-RBL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

THIS MATTER is before the Court on Plaintiff Jared Winterer's Motion for Reconsideration of the Court's Order adopting the Report and Recommendation of Magistrate Judge Creatura [dkt. # 73], as well as various other accompanying letters and documents filed by Plaintiff. Dkt. ## 74-76.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Winterer's arguments fall far short of this standard. In a series of documents, Winterer complains that the magistrate judge did not "liberally construe" his complaint and asserts various other insults. To the contrary, Judge Creatura gave Winterer multiple opportunities to amend his complaint and clarify his implausible claims. Winterer chose instead to file copious letters and

//

//

documents in protest. Nothing in Winterer's newest filings warrants reconsidering the Court's adoption of the Report and Recommendation. The Motion is DENIED.

IT IS SO ORDERED.

Dated this 21st day of January, 2020.

Ronald B. Leighton
United States District Judge